**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LUCIO MESA-ARAGON,

Defendant–Appellant.

No. 06-2257

(Case No. CR-06-1395 RB)

(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant pled guilty to illegal re-entry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326 (a)(1), (a)(2), and (b)(2). Based on a stipulated offense level of nineteen[1] and a criminal history

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Without the stipulation, Defendant's offense level would be twenty-one.

category of II, Defendant was sentenced to thirty-three months' imprisonment, the bottom of the applicable guideline range.

This case comes to us on defense counsel's motion to withdraw as counsel. In compliance with *Anders v. California*, 386 U.S. 738 (1967), he has filed a brief in support of that motion. According to the brief, Defendant wishes to appeal his punishment as excessive. Counsel asserts that this issue is without merit and that there are no other non-frivolous issues for appeal. Defendant has not filed a response to the *Anders* brief.

We agree with counsel that the district court correctly calculated the Guideline range and imposed a reasonable sentence. Pursuant to his plea agreement, Defendant received a bargained-for reduction in the Guideline range based on the stipulated offense level. Defendant did not object to the Guideline calculation below. In fact, in the plea agreement Defendant agreed that his criminal history had been correctly calculated and that the advisory Guideline range determined in the presentence report ("PSR") was reasonable in light of 18 U.S.C. § 3553 and *United States v. Booker*, 543 U.S. 220 (2005). At sentencing, the district court considered Defendant's request for leniency, the PSR's factual findings, and the § 3553 factors and sentenced Defendant at the bottom of the correctly-calculated Guideline range. We see nothing unreasonable about the resulting sentence. *See Booker*, 543 U.S. at 261.

After an examination of the record, we conclude that there are no non-

frivolous issues for Defendant to appeal. We therefore **GRANT** counsel's motion

to withdraw and **affirm** the judgment and sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge